FILED

2016 SEP 14 PM 4: 12

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

JAMES LONG

CASE NO. 6:16-cr-180-ORL-37GJK
18 U.S.C. § 1956(h)
18 U.S.C. § 982 - Forfeiture

## INFORMATION

The United States Attorney charges:

### COUNT ONE

From in or about June 2010, and continuing through on or about June 14, 2013, in Seminole County, in the Middle District of Florida, and elsewhere,

**JAMES LONG**

the defendant herein, did knowingly and voluntarily combine, conspire, confederate and agree with other known and unknown persons, to commit the following offenses against the United States:

(a) to knowingly conduct and attempt to conduct a financial transaction, which affected interstate and foreign commerce, involving the proceeds of a specified unlawful activity, that is, conspiracy to distribute and dispense, and cause the distribution and dispensing of, controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846 and Title 18, United States Code, Section 2, knowing that the funds involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of

specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i);

    (b)    to knowingly conduct and attempt to conduct a financial transaction, which affected interstate and foreign commerce, involving the proceeds of a specified unlawful activity, that is, conspiracy to distribute and dispense, and cause the distribution and dispensing of, controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846 and Title 18, United States Code, Section 2, knowing that the funds involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

    (c)    to knowingly engage and attempt to engage in a monetary transaction, within the United States, which affected interstate commerce, in criminally derived property of a value greater than $10,000.00, which property was derived from a specified unlawful activity, that is, conspiracy to distribute and dispense, and cause the distribution and dispensing of, controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846 and Title 18, United States Code, Section 2, knowing that the transaction involved property and funds that were the proceeds of some criminal activity, contrary to Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

## **FORFEITURE**

1. The allegations contained in Count One of this Information are incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

2. Upon conviction of a violation of Title 18, United States Code, Section 1956(h), the defendant, **JAMES LONG**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the money laundering conspiracy and all property traceable to such property.

3. Specifically, the property to be forfeited includes, but is not limited to, the following:

   a. Approximately $8,851.35 seized from SunTrust account #1000143611597, held in the name of JAMES LONG and Brandy Long;

   b. Approximately $8,589.10 seized from Wells Fargo account #1010300202160, held in the name of JAMES LONG and Brandy Long;

   c. Approximately $1,895.25 seized from Wells Fargo savings account #1010300202157, held in the name of JAMES LONG and Brandy Long;

   d. Approximately $3,099.40 seized from SunTrust account #1000143612355, held in the name of BMS Enterprises, LLC;

   e. Jackson National Life Insurance, Non-Tax Qualified Policy

        #1009012598, held in the name of JAMES LONG;

f.    Jackson National Life Insurance Individual Retirement Annuity policy #1009012628, held in the name of Brandy Long;

g.    Jackson National Life Insurance Individual Retirement Annuity policy #1009012636, held in the name of JAMES LONG;

h.    1690 Sawgrass Drive Southwest, Palm Bay, Florida, titled in the name of BMS Enterprises, LLC;

i.    784 Trinidad Avenue Southeast, Palm Bay, Florida, titled in the name of BMS Enterprises, LLC;

j.    2310 Wood Street, Melbourne, Florida, titled in the name of BMS Enterprises, LLC;

k.    742 Donau Avenue Northwest, Palm Bay, Florida, titled in the name of BMS Enterprises, LLC;

l.    765 Hall Road, Malabar, Florida, titled in the name of Brandy A. Long and JAMES T. LONG;

m.    117 Ridgemont Circle Southeast, Palm Bay, Florida, titled in the name of Brandy A. Long and JAMES T. LONG;

n.    3740 Corey Road, Grant Valkaria, Florida, titled in the name of JAMES T. LONG and Brandy Long;

o.    712 Norse Street Northwest, Palm Bay, Florida, titled in the name of JAMES T. LONG and Brandy Long;

      p.      2004 Chevrolet Silverado, VIN 1GCHC29U74E347751;

      q.      2013 Chevrolet Silverado, VIN 3GCPKSE79DG270209; and

      r.      $10,140.00 in United States currency seized on or about June 14, 2014, from 765 Hall Road, Malabar, Florida.

4.    If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A. LEE BENTLEY, III
United States Attorney

By: *(signature)*
Ilianys Rivera Miranda
Assistant United States Attorney

By: *(signature)*
Katherine M. Ho
Assistant United States Attorney
Chief, Orlando Division