```
 1                    UNITED STATES DISTRICT COURT
                       MIDDLE DISTRICT OF FLORIDA
 2                          ORLANDO DIVISION
                          Case No. 6:16-cr-180
 3
      . . . . . . . . . . . . . . .
 4   UNITED STATES OF AMERICA,      :
                                    :
 5             Plaintiff,           :       Orlando, Florida
                                    :       January 9, 2017
 6             v.                   :       1:35 p.m.
                                    :
 7   JAMES LONG,                    :
                                    :
 8             Defendant.           :
      . . . . . . . . . . . . . . .
 9

10
           TRANSCRIPT OF SENTENCING HEARING, VOLUME I
11           BEFORE THE HONORABLE ROY B. DALTON, JR.
                  UNITED STATES DISTRICT JUDGE
12

13   APPEARANCES:

14

15   Counsel for Plaintiff:      Ilianys Rivera Miranda

16

17   Counsel for Defendant:      A. Brian Phillips

18

19

20

21   Court Reporter:     Amie R. First, RDR, CRR, CRC, CPE
                         Federal Official Court Reporter
22                       401 West Central Boulevard, Suite 4600
                         Orlando, Florida  32801
23                       AmieFirst.CourtReporter@gmail.com

24   Proceedings recorded by mechanical stenography.

25   Transcript produced by Computer-Aided Transcription.
```

```
 1                      P R O C E E D I N G S
 2                              * * * * *
 3            THE DEPUTY CLERK:  Case Number
 4   6:16-cr-180-ORL-37GJK, United States of America versus
 5   James Long.
 6            Counsel, please state your appearance for the
 7   record.
 8            MS. RIVERA MIRANDA:  Good afternoon, Your Honor.
 9   On behalf of the Government, Assistant United States
10   Attorney Ilianys Rivera.  And also from the United States,
11   Your Honor, Nicole Andrejko.
12            THE COURT:  Good afternoon.
13            MR. PHILLIPS:  Good afternoon, Your Honor.  Brian
14   Phillips on behalf of the defendant, James Long, who is
15   present in the courtroom and seated at counsel table to my
16   right.
17            THE COURT:  Afternoon, Mr. Phillips, Mr. Long.
18            We'll get underway here in just a second.
19            Ms. Rivera, I wanted to mention one thing to you.
20   I had a chance to talk with Mr. Salce a little earlier
21   today.  I spent a lot of time trying to familiarize myself,
22   as is my custom, on the weekend with Mr. Long's PSR.
23            And I'm not sure how much the Government is going
24   to be able to tell me this morning about what else is
25   happening with respect to the ongoing investigation into
```

```
 1   this clinic.
 2           But my reservation is, I feel like I don't have
 3   enough information in order to undertake the sentencing.
 4   Maybe I do.  Maybe I will after I finish hearing from you
 5   all this morning.
 6           But I'm concerned I don't know enough about the
 7   other players.  There's not enough information in the PSR
 8   for me to figure out how Mr. Long got engaged in this
 9   enterprise.  You know, I have a lot of unanswered
10   questions.
11           And the reason I chatted with Mr. Salce is I
12   thought he might be able to help me out, but he wasn't able
13   to -- no criticism of Mr. Salce.  He just doesn't have the
14   information to be able to help me out.  So I'll just put
15   that out there.
16           And I'm certainly anxious to hear from you.  And
17   if you can educate me in any respect, fill me in on what's
18   happening with respect to the investigation.  And I'll take
19   information from any course, Mr. Phillips, you or
20   Ms. Rivera or law enforcement.
21           MS. RIVERA MIRANDA:  Yes, Your Honor.
22           In this case, Mr. Long is basically the first
23   target, the first person to be brought to justice.  He
24   agreed to plead to an information.  He was the founder of
25   this clinic with another conspirator, Bogan, who is also
```

```
 1   under investigation.
 2            This clinic is no longer in operation.  And
 3   basically we have been in the process of reviewing patient
 4   files, obtaining expert advice, interviewing targets, and
 5   trying to develop cooperating witnesses in this case so we
 6   can move forward against other individuals, including
 7   doctors and other people who participated in the
 8   conspiracy.
 9            However, this defendant's cooperation -- and this
10   is the reason why a 5K motion was not filed -- is ongoing.
11   It's not yet ripe for the Government to file a motion for
12   reduction of sentence.
13            And we understand the Court's concern that you may
14   not have all the information available because of that,
15   partly because of that as well.
16            And because all of this is still under
17   investigation and I wouldn't want to put all the
18   information of the different players on a public record
19   when we still have individuals that have not been informed
20   about how this might develop into a prosecution in the near
21   future.
22            THE COURT:  Okay.  And I certainly understand
23   that.  But here's my concern, is that it's a conspiracy
24   case.  So I'm being asked to sentencing one of the
25   conspirators.  Conspiracy case, by definition, involves an
```

```
 1   unlawful agreement between one person and at least one more
 2   person.
 3            So until I know the scope of the conspiracy, I
 4   don't think I can do my job.  I don't think I can
 5   appropriately sentence Mr. Long until I know the scope of
 6   the conspiracy; I know what Mr. Long's role was in the
 7   conspiracy vis-a-vis his co-conspirators; the length of
 8   time that he was involved in the conspiracy; how he first
 9   became ensnared in the conspiracy, either voluntarily or
10   through solicitation from someone else.
11            Those are all -- at least when I sentence an
12   individual that's involved in a conspiracy, those are
13   things that I need to know in order to figure out what is a
14   just sentence.
15            So I'm concerned about trying to move forward with
16   Mr. Long at this stage of the Government's investigation
17   into the overall conspiracy.  And I would be -- I'm just
18   reluctant to do it.  So once I've sentenced Mr. Long, I've
19   sentenced him.
20            So I don't know if you have anything you want to
21   add to that, Mr. Phillips.
22            MR. PHILLIPS:  Your Honor, I think the Court has
23   hit on the gravamen of exactly the challenge this case
24   presents to the defense in particular.
25            He is first in the door.  He is cooperating.  He
```

```
 1  has cooperated and is continuing to cooperate.  We've spent
 2  a bunch of time working out forfeiture issues as well,
 3  which I think we finally got resolved, which is good.
 4           But it is difficult for me to try to paint a
 5  picture of his actual role in the enterprise and his
 6  behaviors absent, frankly, things that only the Government
 7  now knows.
 8           To that end, Your Honor --
 9           THE COURT:  Well, your client knows what his
10  involvement in the conspiracy was.
11           MR. PHILLIPS:  Fair, Your Honor.
12           But I think when the Court -- if the facts come
13  out as I anticipate they will, there's a large number of
14  players.  My client was there not every minute of the time.
15  There are things that occurred outside his knowledge for
16  which he is culpable under Pinkerton.
17           And it's a conspiracy.  I get all of that.  But
18  there are going to be facts, I think, relevant to his
19  sentence of which we are not currently aware.
20           THE COURT:  Okay.  Well, here's the things that
21  strike me, Ms. Rivera and Mr. Phillips, as I go through the
22  information.  Again, and I'm happy to be educated or
23  corrected if I'm wrong.
24           But when I look at Mr. Long's background, he has a
25  high school education.  There's nothing wrong with that.
```

| | |
|---|---|
| 1 | But he's installed as the president of a medical clinic |
| 2 | facility that requires a certain level of sophistication to |
| 3 | operate in terms of billing and recognizing, you know, |
| 4 | whether it's coding procedures or whether it's the issuance |
| 5 | of scripts or whether it's familiarity with drug |
| 6 | regulations, F.D.A., D.E.A., all of those kinds of things |
| 7 | that it would appear to me that Mr. Long is ill equipped to |
| 8 | do. |
| 9 | Now, it may be the Government's position that he |
| 10 | doesn't need to do any of that because there is no |
| 11 | legitimate purpose to this clinic, and he's not doing any |
| 12 | of that.  None of that is being done.  That may very well |
| 13 | be. |
| 14 | I noticed that -- at least unless I missed it -- |
| 15 | all of the transactions that happened in this clinic were |
| 16 | in cash.  That strikes me as being highly unusual if not |
| 17 | unique in terms of a medical clinic. |
| 18 | But, so my concern is I would like to know how it |
| 19 | is that Mr. Long became associated with this pain clinic, |
| 20 | how he became the president of this clinic.  Was he |
| 21 | solicited?  Did he seek the job?  Did he establish the |
| 22 | clinic himself?  Did he buy the clinic from somebody? |
| 23 | All of that, it seems to me, is information that I |
| 24 | really must have if I'm going to fashion a fair sentence. |
| 25 | MS. RIVERA MIRANDA:  I understand, Your Honor. |

```
 1            And we can proffer some of that information at
 2   this point.  But I am -- I believe that the best way to go
 3   about it might be for the Government to call the government
 4   agent and to take the stand and put that evidence in the
 5   record.
 6            As we're aware, that this defendant, with a
 7   co-conspirator, they came up with this idea, with this
 8   notion.  And they solicited someone through craigslist to
 9   consult them to basically put together a business.  And it
10   was through this consultant and a doctor that they were
11   able to initiate this.
12            THE COURT:  Okay.
13            MS. RIVERA MIRANDA:  The medical expertise doesn't
14   come from the defendant himself.
15            But I believe, Your Honor, that in order to
16   adequately present the evidence to the Court, maybe we
17   should call a government agent to go over those facts with
18   the Court.
19            Right now, today we have a situation that there
20   was a shooting.  A police officer was killed.
21            THE COURT:  Walmart, yeah.
22            MS. RIVERA MIRANDA:  And my agent is unavailable.
23   The case agent is unavailable today.  He was trying to look
24   for someone to cover for him, but he was not able to do so.
25            If the Court would allow us maybe a brief
```

```
 1  continuance, again, to put this evidence before the record
 2  and before the Court and hopefully answer the questions as
 3  to his role and that of others and the scope of his
 4  involvement in the conspiracy.
 5          THE COURT:  Well, the reason I wanted to raise it
 6  before we got too far down the road is I want to give -- I
 7  want to put the Government on notice that I have some
 8  reservations.
 9          I don't want to do anything to jeopardize -- I
10  don't want to put you in a position where you feel like
11  you're being squeezed to do something that's going to
12  jeopardize an ongoing investigation.  That's not my point.
13          But I want to give you the option as well as hear
14  from Mr. Phillips as to whether or not you all want to
15  proceed with the sentencing.
16          I'm telling you that I would certainly need at
17  least some of what you've just described from the case
18  agent, which may or may not be enough for me to feel
19  comfortable moving forward to sentence him.
20          But I just want to let you know that -- what's
21  your client's preference, Mr. Phillips?  What would you
22  like to do?
23          MR. PHILLIPS:  Your Honor, I have a thought.  And
24  it's no more than that.  I'm just trying to put it together
25  in my head cogently.
```

1            But it strikes me that the Court has areas of
2   concern, which we share by the way.  Might not it be a
3   better process to do some form of addendum to the PSI?
4   That is to say, have the probation officer gather such
5   information as is appropriate, because the probation
6   officer has access to the Government's files and agents and
7   so forth.
8            THE COURT:  Well, the Government may not want to
9   do that.  The PSR goes with the defendant through the
10  system.  And I'm not sure that the Government is going to
11  want to put its investigation into the PSR and have it
12  introduced into the records of the Bureau of Prisons.
13           I would have some concern about it if I were a
14  prosecutor.
15           MR. PHILLIPS:  My concern, Your Honor, is one of
16  -- I won't say unfair surprise -- but of appropriate
17  ability to present our side of the story to the extent that
18  we hear these things for the first time live from the
19  agent.  Some of them I think will be new.
20           I would like the opportunity to prepare for that
21  in anticipation of the sentencing hearing so we can make
22  sure that, as a sentencing should be, once we get the facts
23  of the universe down and everybody agrees to it.
24           THE COURT:  I think it's unusual that I didn't
25  take the plea in this case, but I suspect it was a plea on

```
 1  an information.  Right?
 2          MR. PHILLIPS:  It was, Your Honor.
 3          MS. RIVERA MIRANDA:  Yes.
 4          THE COURT:  So I haven't seen -- usually I'm very
 5  familiar with the factual basis.  And I'm not so much here.
 6          How detailed is the factual basis?
 7          MS. RIVERA MIRANDA:  It is quite detailed,
 8  Your Honor.
 9          MR. PHILLIPS:  It is, but I don't believe even --
10  Your Honor, I don't believe it will answer the Court's
11  questions from today.
12          MS. RIVERA MIRANDA:  And the offense conduct
13  basically, you know, in fairness, it incorporates pretty
14  much the factual basis in the plea agreement and expands on
15  it as well.
16          THE COURT:  Well, let's do this.  I'm not
17  comfortable proceeding to sentence Mr. Long today.
18          So, Mr. Long, I know you came here prepared to be
19  sentenced.  But as I've just -- as you've heard this
20  exchange with the lawyers, I think I need some more
21  information in order to do justice, no pun intended, to the
22  undertaking.
23          So what I'm going to do is I'm going to continue
24  the sentencing for today.
25          I'm going to give you an opportunity, Ms. Rivera,
```

1  to speak with your case agent once he or she becomes
2  available.  And then you can make a decision after you talk
3  to your agent how much that information you think you can
4  disclose to Mr. Phillips so that he can at least know what
5  to anticipate at the time of sentencing.
6          You know, I'm not interested in a sentencing by
7  ambush.  So if there's information that you get from your
8  case agent that you intend to elicit from the witness stand
9  that's not contained in the factual basis, I think it would
10 be prudent for you to share that with Mr. Phillips in
11 advance.
12         MS. RIVERA MIRANDA:  Yes, Your Honor.
13         THE COURT:  To the extent that you can do -- I'm
14 not asking you to disclose confidential information that
15 you wouldn't otherwise be willing to disclose.  But if the
16 agent is going to testify to it in open court, then
17 Mr. Phillips is entitled, I think, to be privy to it.
18         MS. RIVERA MIRANDA:  Yes, Your Honor.
19         I might call the case agent or some other witness
20 with appropriate knowledge of the case.  And so we will
21 definitely take into consideration the Court's
22 recommendation, and we'll keep the defense attorney advised
23 if there is any Jencks or as to the scope of what we intend
24 to present.
25         THE COURT:  Okay.  Well, you know, it's not a

```
 1   problem that's unique to this case.  It happens in most
 2   conspiracy cases.
 3           It's a tougher job on the Court to sentence the
 4   early, you know, the participants, especially in a large
 5   conspiracy.  When you have the earlier participants, you
 6   don't have a full grasp of the scope and depth and
 7   expansive nature of the conspiracy.
 8           But I'm particularly troubled in this case because
 9   of, first of all, the nature of the conspiracy, even though
10   I know it's a money laundering charge.  It arises from
11   essentially a pill mill operation.  And there are medical
12   practitioners involved.  There are prescriptions involved.
13   This defendant doesn't have the authority to write a
14   prescription.
15           And so I just don't feel like I have enough
16   information.  So hopefully with that the Government can go
17   back and figure out what you're going to need to do in
18   order to get me informed enough that I'm comfortable
19   proceeding with Mr. Long's sentencing.
20           How much time would you like to have to try to put
21   that together?
22           MS. RIVERA MIRANDA:  Your Honor, I would ask for
23   14 days, if possible.
24           THE COURT:  I'm sure that's possible.  I'm not
25   sure -- I'm sure I'm probably -- I don't know what my
```

```
 1  schedule is, but I know I can't do it shorter than 14 days.
 2           How does January 23rd at 3:00, how does that
 3  look for you?
 4           MR. PHILLIPS:  What day of the week is that,
 5  Your Honor?
 6           THE COURT:  Monday.
 7           MR. PHILLIPS:  That's the Monday after M.L. King
 8  Day?
 9           THE COURT:  Yes.
10           MR. PHILLIPS:  No problem then.
11           THE COURT:  Okay.  How about you, Ms. Rivera?
12           MS. RIVERA MIRANDA:  That's fine, Your Honor.
13           THE COURT:  Okay.  Why don't we continue it, then,
14  until Monday the 23rd.  Hopefully your case agent then
15  will be available.
16           And you'll keep Mr. Phillips informed as to a
17  general summary of what your case agent would be intending
18  to cover at the time of the sentencing, to the extent it's
19  not covered already in the factual basis or in the PSR.
20           MS. RIVERA MIRANDA:  Yes, Your Honor.
21           MR. PHILLIPS:  Thank you, Your Honor.
22           THE COURT:  Thank you all then.  We'll be in
23  recess.
24           (Proceedings adjourned at 1:50 p.m.)
25                            *****
```

```
 1                      C E R T I F I C A T E
 2
 3         I certify that the foregoing is a correct
 4  transcript from the record of proceedings in the
 5  above-entitled matter.
 6
 7  July 16, 2018
 8
 9      s\   Amie R. First
        Amie R. First, RDR, CRR, CRC, CPE
10      Federal Official Court Reporter
        United States District Court
11      Middle District of Florida
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```