UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.     Case No:  6:16-cr-180-Orl-37GJK

JAMES LONG
_____

### ORDER

Before the Court is Defendant James Long's Motion to Compel the Government to file a Rule 35 Motion and Request for an Evidentiary Hearing on the Same. (Doc. 92 ("**Motion**").) The Government opposes. (Doc. 94). On review, the Motion is denied.

### I.     BACKGROUND

This criminal case centered on a sprawling conspiracy to create a pain management clinic that enlisted physicians to prescribe oxycodone and other controlled substances for no legitimate medical purpose. (Doc. 92, pp. 2–3; Doc. 94, pp. 1–5.) Defendant James Long was charged with and pled guilty to conspiracy to commit money laundering (Docs. 1, 3), and was sentenced to 180 months imprisonment (Docs. 65, 66). As part of his plea agreement, Defendant agreed, *inter alia*, to "cooperate fully" with the Government in its investigation, "to testify" when needed, and otherwise "be reasonably available" for the Government's continued investigation. (Doc. 3, ¶ 9.) In exchange, relevant here, the Government agreed to "consider whether such cooperation qualifies as 'substantial assistance' . . . , warranting the filing of a motion for a reduction of sentence within one year of the imposition of the sentence pursuant to Fed R. Crim P. 35(b)." (*Id.*)

But the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida." (*Id.*)

Now, over two years after his sentencing, Defendant moves to compel the Government to file a Rule 35(b) motion. (Doc. 92.) He claims that he provided credible and reliable information that substantially assisted the Government in investigating and prosecuting others, and the Government's decision not to file a Rule 35 motion is not rationally related to legitimate government ends. (*Id.* at 14–19.) In response, the Government points out that it "engaged in good faith exhaustive consideration" of whether a Rule 35(b) motion was warranted, but ultimately concluded that Defendant's cooperation did not rise to the level of "substantial assistance" to support a Rule 35(b) motion. (Doc. 94, pp. 7–8.) Briefing complete, the Motion is ripe.

## II. DISCUSSION

A defendant's sentence may be reduced after sentencing when the Government files a Rule 35(b) motion based on the defendant's substantial assistance if certain criteria are met. *See* Fed. R. Crim. P 35(b). "The government enjoys 'virtually unfettered discretion' in deciding whether to file a Rule 35 motion," so judicial review over its refusal to file is limited. *United States v. Collins*, 524 F. App'x 573, 574 (11th Cir. 2013)[1] (quoting *Murphy v. United States*, 634 F.3d 1303, 1313 (11th Cir. 2011)). Indeed, a "district court may

---

[1] While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

only review the government's refusal to file if the defendant first makes 'an allegation *and* a substantial showing' that the refusal was based upon an unconstitutional motive, such as race or religion." *Id.* (quoting *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009)). "A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or even an evidentiary hearing." *Id.* (quoting *Dorsey*, 554 F.3d at 961).

Here, Defendant has neither alleged nor substantially shown that the Government's refusal to file a Rule 35(b) motion was based on unconstitutional motive. (*See* Doc. 92.) Nor did the Government explicitly promise to file a Rule 35(b) motion in its plea agreement. (Doc. 3, ¶ 9); *see United States v. Lezcano*, 657 F. App'x 839, 840 (11th Cir. 2016) ("If the government explicitly promised to file a Rule 35(b) motion in a plea agreement, [a court may] analyze its failure to comply with the plea agreement under contract principles." (citing *United States v. Forney*, 9 F.3d 1492, 1499–1500 & n.2 (11th Cir. 1992))). Without such circumstances, the Court lacks jurisdiction to compel the Government to file a Rule 35(b) motion. *See United States v. Tomlin*, No. 07-CR-60032-GOLD, 2013 WL 12214126, at *1 (S.D. Fla. Aug. 30, 2013); *see also United States v. Nance*, 426 F. App'x 801, 803 (11th Cir. 2011); *Dorsey*, 554 F.3d at 961–62. Thus, the Motion is due to be denied.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Compel the Government to File a Rule 35 Motion and Request for an Evidentiary Hearing on the Same (Doc. 92) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 8, 2019.



ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record