MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District _Middle District of Florida-Orlando_ |
|---|---|
| Name (under which you were convicted): _James Long_ | Docket or Case No.: |
| Place of Confinement: _Coleman Low_ | Prisoner No.: _68216-018_ |

| UNITED STATES OF AMERICA | | Movant (include name under which convicted) |
|---|---|---|
| | v. | _James Long_ |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   _U.S. District Court - Middle District of Florida - Orlando_

   (b) Criminal docket or case number (if you know): _6:16-CR-180-RBD-GJK1_

2. (a) Date of the judgment of conviction (if you know): 
   (b) Date of sentencing: _July 8, 2019 Judge's final order_

3. Length of sentence: _180 months_

4. Nature of crime (all counts):
   _18 U.S.C. §1956(h) conspiracy to commit money laundering_
   _21 U.S.C. 846 conspiracy to distribute Sch I + II controlled substances_

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☒   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☐

8. Did you appeal from the judgment of conviction?   Yes ☐   No ☒

9. If you did appeal, answer the following:
   (a) Name of court: _____
   (b) Docket or case number (if you know): _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐  No ☒
       If "Yes," answer the following:
       (1) Docket or case number (if you know):
       (2) Result: _____

       (3) Date of result (if you know): _____
       (4) Citation to the case (if you know): _____
       (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____
        (5) Grounds raised:

LONG, JAMES 68216018

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐  No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket of case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐  No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:  Yes ☐  No ☐
(2) Second petition: Yes ☐  No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

LONG, JAMES 68216018

**GROUND ONE:** Defense Counsel Brian Phillips failed to investigate the operation of the pain clinic and the various roles and responsibilities of the people involved. If he had, he would have known Mr. Long's involvement was only minimal or minor.

After many months and much pestering from one friend and one relative, Mr. Long agreed to help start a pain clinic in Central Florida, as long as he was not involved in making any decisions -- no hiring, no operational, no managerial. He said he might assist them for the first few months as long as it did not interfere with his other businesses. They agreed to that.

Mr. Long was the proverbial silent partner who handled some payroll data and no real accounting --- the bulk of that was handled by experts in financial accounting and payroll. Dan Bogan handled all hiring and firing decisions and oversaw all day-to-day operations (patient scheduling and intake, collections, deposits, etc). Mr. Long acted as an assistant for a few hours each week for just a handful of months in the beginning. After patient flow was enough to fund the hiring of an assistant off the street, Mr. Long put in a casual appearance, about once a quarter, if he was in the vicinity and he had extra time.

Mr. Long's landscaping and concrete businesses demanded more than his fulltime attention, and that was where he invested his time. He knew next to nothing about the operating of the clinic and the doctor's practices until years after the clinic was closed.

Defense Counsel should have known of Mr. Long's true involvement, and should never have allowed much less have convinced him to plead guilty to all of the drugs prescribed and all of the moneys paid out to doctors, employees, and partners. Mr. Phillips convinced Mr. Long to take the initial responsibility for everything in the conspiracy. A conspiracy requires at least two people to qualify as a conspiracy.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

*Not ripe*

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

LONG, JAMES 68216018

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: *Not applicable*

---

**GROUND TWO:** Defense Counsel developed a conflict of interest during the pre-trial stage of the proceedings that harmed Mr. Long and caused him to plead guilty to a false set of facts. Defense Counsel's conflict resulted in a change of strategy that caused Mr. Long to agree to a plea sooner than he should have. Consequentially, he received a much harsher and longer sentence than he deserved.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Phillips's original strategy was to assist in Mr. Long's cooperation in order to get a 5K1.1 reduction before he was sentenced, to be based on a fair parsing of responsibility among the parties involved.

When Mr. Long refused to come up with additional funds to pay his attorney, defense counsel decided to convince Mr. Long to move ahead and plead guilty. Defense Counsel worked to persuade him that pleading guilty sooner and relying on at least two Rule 35s afterward would result in only a net five-year sentence. He promised this on several occasions.

Defense Counsel failed to explain the potential pitfalls and risks to taking this new approach. He promised Mr. Long he would do no more than five years based on his discussions with the government. None of the other co-conspirators had yet been indicted or 'informationed'. This was to the attorney's financial advantage; to free up his time to pursue and take on other work. This worked to Mr. Long's severe disadvantage, leaving him with a sentence three times longer than promised; the government did not do what the told this court they would do (at the sentencing hearing).

Defense Counsel had no authority to make any sentence promises, even if the government makes such a promise to him. The government has no authority to make any kind of promise regarding a sentencing outcome.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒    LONG, JAMES 68216018

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND THREE: Mr. Phillips was seriously deficient when he failed to insist on allocution prior to Mr. Long's sentencing hearing.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Federal law gives a criminal defendant an absolute right to allocute his case before the district court imposes a sentence.

Defense Counsel either knew or should have known that this right existed. He should have insisted that the court do its duty before the sentencing hearing took place. Defense Counsel was either ignorant of this essential right, or hid this right from his client, Mr. Long. Failure to allocute this case is costing Mr. Long many years of his life.

In any 'jointly undertaken criminal enterprise', it is imperative that the court determine the loss amount and portion of drugs attributable to each person involved in the activity. Whether not knowledgeable of this right or knowingly deceptive, defense counsel allowed or convinced Mr. Long (without informing him of this all-important right) it would be okay to be tagged with the full drug amount and the entire total of laundered funds.

Mr. Long is entitled to an allocution hearing so that the court can determine how much of the laundered funds and drugs are the responsibility of, and attributable to, each of the co-conspirators. Mr. Long was effectively without counsel during this stage of the proceedings. Mr. Long was never aware of this right and therefore could not have waived it.

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☐

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

LONG, JAMES 68216018

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** Defense Attorney Brian Phillips failed to ensure that the statute of limitations did not expire before Mr. Long's co-conspirators were brought to justice, after he changed from a 5K1.1 strategy to a flawed Rule 35 strategy. To make things worse, he failed to file a notice of appeal when the court's final order contradicted its stipulations and instructions given to the government at Mr. Long's sentencing hearing.

Mr. Long was stuck being the nominal owner of the pain clinic when Daniel Bogan, without warning, lied to him about why he could not be the owner of record. Since he was not to be involved in operating decisions, Mr. Long insisted that one of the doctors be listed as an owner as soon as possible, since they were making all the medical decisions. Mr. Bogan did that and Dr. James Pizza became the owner of record within a matter of months of his hiring, in early 2011. Mr. Long's name was removed from the ownership record at that time.

In essence, at sentencing, the court said to the government (paraphrase): This is highly unusual -- this one-person conspiracy plea. I presume there are other co-conspirators to follow? This is not a conspiracy if only one person is charged.

The government assured the court that other co-conspirators would be brought to justice. However, despite many conversations with Mr. Long, that never happened. Mr. Long's guilty plea to conspiracy(ies) cannot stand without any co-conspirators charged in the case. The final order makes Mr. Long's guilty plea a nullity and must not stand.

Mr Phillips should have immediately filed a notice of appeal when the court's final order was issued. Mr. Long was effectively left without counsel at this stage of the proceedings. His attorney did not consult with Mr. Long about an appeal; there was no need to. Counsel knew right away that this order negated the poorly timed plea and sentencing.

Mr. Long should be returned to the status quo ante and charges dropped or an allocution hearing must held by this court.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

*All grounds are new, now ripe*

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

LONG, JAMES 68216018

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

   (a) At the preliminary hearing:

   *Brian Phillips 912 Highland Ave Orlando 32803*

   (b) At the arraignment and plea:

   *Same*

   (c) At the trial:

   *n/a*

   (d) At sentencing:

   *Same*

   (e) On appeal:

   *n/a*

   (f) In any post-conviction proceeding:

   *n/a*

   (g) On appeal from any ruling against you in a post-conviction proceeding:

   *n/a*

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed: _____

   (c) Give the length of the other sentence: _____

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. **TIMELINESS OF MOTION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Mr. Long was represented by counsel until July 22, 2019, 14 days after this court's final order regarding Rule 35 benefits for Mr. Long. That is when the two-week right to appeal the order expired.

Defense continued to press the government with reminders of its promises. The AUSA visited with Mr. Long at Coleman Low Custody Prison to discuss the case but Mr. Phillips was not there to assist and advocate for his client, another possible area of neglect.

From day one until the day the clinic was shut down, Daniel Bogan made it clear to nearly everyone that he was the owner of the clinic. From the day Dr. Pizza was made the owner of record and a partner, he made it clear to his patients and others that he was the owner of the clinic. Mr. Long was never mentioned as an owner; he was almost never on the premises. It was understood by Dr. Pizza, Mr. Bogan, and Mr. Long that they were equal partners once Dr. Pizza became the owner of record. That was when the clinic began to be very profitable, about the time Mr. Bogan became very active in 'finding' patients. For the most part, James Long took direction from Dr. Pizza and Mr. Bogan, mostly on payroll matters.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

LONG, JAMES 68216018

Therefore, movant asks that the Court grant the following relief:

**Vacate the conviction - no conspiracy or Hold an allocution hearing**

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on **07.07.2020**
(month, date, year)

Executed (signed) on **July 7, 2020** (date)

_James Long_
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

LONG, JAMES   68216018