UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  Case No. 6:16-cr-180-Orl-37GJK

JAMES LONG

## ORDER

Before the Court is Defendant James Long's motion for compassionate release due to the COVID-19 pandemic. (Doc. 97 ("**Motion**").) The Government opposes. (Doc. 104.) On review, the Motion is denied.

### I. BACKGROUND

Mr. Long pled guilty to conspiracy to commit money laundering in relation to a "pill mill"—a clinic selling oxycodone for no medical purpose. (Docs. 3, 34; Doc. 90, pp. 34:23–35:3.) On February 2, 2017, he was sentenced to 180 months' imprisonment and his projected release date is December 24, 2029. (Doc. 66; Doc. 103, p. 2.) He is incarcerated at FCI Coleman Low which is currently suffering a COVID-19 outbreak.[1] (Doc. 103, p. 2; Doc. 104, p. 15.)

Mr. Long is 48 years old, with a history of mitral valve prolapse and mitral regurgitation. (Doc. 103, p. 6; Doc. 104, p. 1.) He had skin cancer, suffers from a respiratory condition that causes him to contract bronchitis annually, and has a body mass index of

---

[1] Fed. Bureau of Prisons, *COVID-19 Coronavirus Cases*, https://www.bop.gov/coronavirus/index.jsp.

29.8. (Doc. 103, pp. 6–7, 7 n.4.) Mr. Long requested compassionate release from the Warden of his facility, which was denied. (Docs. 97-1, 104-2.) Arguing his conditions put him at an increased risk to COVID-19 and that he needs to be home to care for his sick wife and children, Mr. Long asks the court for compassionate release. (Docs. 97.) In response to his Motion, the Court appointed a Federal Public Defender to represent him. (Doc. 99.)  Appointed counsel then supplemented Mr. Long's Motion. (Doc. 103.) With the Government's response and Mr. Long's reply (Docs. 104, 109), the matter is ripe.

## II.   ANALYSIS

The statute governing compassionate release, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, prescribes the limited circumstances in which a court may modify a term of imprisonment. A court may grant a request for compassionate release if it finds: (1) the defendant has exhausted his administrative remedies with the Bureau of Prisons ("**BOP**"); (2) the relevant § 3553(a) factors support release; (3) extraordinary and compelling reasons warrant compassionate release; and (4) the defendant is not a danger to the community.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13. The Sentencing Commission has listed four circumstances that qualify as "extraordinary and compelling" under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; or (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. *See* U.S.S.G. § 1B1.13, cmt. n.1; *see also Klatch v. United States*, No. 8:17-cr-135-T-27JSS, 2020 WL 1694299, at *2 (M.D. Fla. Apr. 7, 2020). The defendant must show relief is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

First, the Court notes it may proceed on the merits as the administrative requirement—the lapse of 30 days from the Warden's receipt of Mr. Long's request—has been met, as the Government concedes. (Docs. 103-1, 104-2; Doc. 104, pp. 10–11.)

But Mr. Long has not shown an "extraordinary and compelling" reason for his release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). His medical conditions are not listed by the Centers for Disease Control and Prevention as risk factors for COVID-19, a point he concedes.[2] (Doc. 103, p. 7 nn. 4–5.) And "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

As to caring for his wife and children, "family circumstances" *can* constitute extraordinary and compelling reasons, but only on "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver." U.S.S.G. § 1B1.13, cmt. n.1(C). Mr. Long says his wife has stomach ulcers and has been suffering from depression since Mr. Long left. (Doc. 97, p. 6.) And his wife has no one to watch their two children, who are homeschooled because of COVID-19. (*Id.*) But Mr. Long has not shown his wife is incapacitated—his wife still works and while Mr.

---

[2] *See* Ctrs. Disease Control & Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Oct. 9, 2020).

Long's incarceration is undoubtedly difficult on his family, they have managed for over three years, and this circumstance is shared by many incarcerated persons. (*See id.*; Doc. 104, p. 16.)

The Court is mindful of the concerns of incarcerated individuals during the COVID-19 pandemic given the significant health risks to inmates confined in correctional facilities, especially those with any underlying medical conditions. The Court also notes the BOP's extensive and aggressive efforts to mitigate the spread of COVID-19 and maintain the safety and security of BOP institutions. (*See* Doc. 104, pp. 3–6); *see also* Fed. Bureau of Prisons, *COVID-19 Action Plan: Phase Five* (Mar. 31, 2020), https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp. Given these efforts, Mr. Long has not shown release is warranted.

### III. CONCLUSION

It is **ORDERED AND ADJUDGED** that Defendant James Long's Emergency Motion to Reduce Sentence or for Compassionate Release (Doc. 97) is **DENIED.**

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 20, 2020.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
Defendant James Long